STATE of Arkansas *v.* Fred SMITTIE, Jr.

CR 00-245

20 S.W.3d 352

Supreme Court of Arkansas
Opinion delivered July 7, 2000

*Marion Humphrey*, Judge;

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellant.

*Bill Luppen*, for appellee.

Tom Glaze, Justice. The State brings this appeal pursuant to Ark. R. App. P.—Crim. 3(b)-(c), and argues the trial court erred by accepting the guilty plea of appellee Fred Smittie, Jr., when the prosecuting attorney did not consent to the plea and instead requested a jury trial. Because this case involves an issue that implicates the correct and uniform administration of the criminal law, we accept the State's appeal. *See State v. Singleton*, 340 Ark. 710, 13 S.W.3d 584 (2000); *State v. Vasquez-Aerreola*, 327 Ark. 617, 940 S.W.2d 457 (1997).

Smittie, Jr. was charged with three counts of delivery of a controlled substance and one count of using a communication facility, a pager and telephone, in the commission of felony deliveries. He initially pled not guilty, and later changed his plea to guilty. Citing Ark. R. Crim. P. 31.1, the prosecutor objected to Smittie's entering a guilty plea. The prosecutor also requested a jury trial. The trial court overruled the prosecutor's objection, accepted Smittie's guilty plea, and subsequently sentenced Smittie to five years' probation and a $500.00 fine. After the trial court entered its conviction judgment in the matter, the State filed this timely appeal. The sole issue on appeal is whether the trial court erred by allowing Smittie to plead guilty over the State's objection.

■ The State correctly cites our cases of *Singleton*, *Vasquez-Aerreola*, and *Fretwell v. State*, 289 Ark. 91, 708 S.W.2d 630 (1986), as controlling on this issue. In these decisions, this court was called upon to interpret Rule 31.1, which provides that no defendant in any criminal cause may waive a jury trial unless the waiver is assented to by the prosecuting attorney and approved by the court. In interpreting Rule 31.1, this court held that the trial court has no discretion to accept a defendant's guilty plea to a felony over the prosecuting attorney's objection. In *Fretwell*, the court explained the rule as follows:

> The rule is clear. Criminal cases which require trial by jury must be so tried unless (1) waived by the defendant, (2) assented to by the prosecutor, and (3) approved by the court. The first two requirements are mandatory before the court has any discretion in the matter. Here, the second requirement, assent by the State, was not had and the court was without discretion to allow the plea.

*Fretwell v. State*, 289 Ark. 91, 708 S.W.2d 630 (1986). Smittie is well aware of this court's holding in *Fretwell*, *Vasquez-Aerreola*, and

*Singleton*, but he asks us to overrule those decisions. We decline to do so.

■ Smittie largely disagrees with the court's prior decisions, saying that a prosecutor should not be allowed to use Rule 31.1 to prevent him from exercising his constitutional right to waive a jury trial simply because the prosecutor does not want a trial court to sentence him. However, precedent authorizes such procedures, and Smittie offers no authority to the contrary. In *Singer v. United States*, 380 U.S. 24 (1965), the Court stated the following:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. *We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury — the very thing that the Constitution guarantees him.* (Emphasis added.)

■ This court's decisions interpreting Rule 31.1 to hold that a trial court is without discretion to accept a guilty plea unless the prosecuting attorney assents are based on longstanding authority. Smittie offers no sound argument or legal citation to compel (or even suggest) that we should depart from that precedent. Therefore, we reverse and remand this case with directions to vacate Smittie's guilty plea, so a jury trial may be held.

ARNOLD, C.J., THORNTON and SMITH, JJ., concur.

RAY THORNTON, Justice, concurring. The majority opinion correctly states that our Ark. R. Crim. P. 31.1 provides that "[n]o defendant in any criminal cause may waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court." Recognizing that conviction and sentencing by jury is required for the imposition of the death penalty, we have also adopted Ark. R. Crim. P. 31.4, which provides in appropriate part:

> No defendant charged with a capital felony may waive either trial by jury on the issue of guilt or the right to have sentence determined by a jury unless:
>
> * * *
>
> (b) the prosecuting attorney, with the permission of the court, has waived the death penalty...[.]

*Id.* These rules conform to our decision in *Fretwell v. State*, 289 Ark. 91, 708 S.W.2d 603 (1986), where we held that a defendant could not avoid the possible imposition of the death penalty by pleading guilty and waiving his right to a jury trial without the assent of the prosecutor and the approval of the court. *Id.*

We have extended Rule 31.1 to prohibit the waiver of a jury trial without the assent of the prosecutor in a case where a jury trial was not essential for the imposition of all appropriate sentences. *See State v. Vasquez-Aerreola*, 327 Ark. 617, 940 S.W.2d 457 (1997). Then in *State v. Singleton*, 340 Ark. 701, 13 S.W.2d 584 (2000), we extended the reach of the prosecutor's veto power over a waiver of a jury trial to a power to block a plea of guilty. The State has no constitutional right to a jury trial. *See Singleton, supra.* Yet the State has far more than the right to require a jury trial. It can withhold from an accused the traditional right to enter a guilty plea.

By these precedents, we are invalidating the forms prepared by our Administrative Office of the Courts, and distributed for many years to all trial judges, containing the statement that "if you are guilty you may plead guilty and the court will decide your sentence." This instruction to trial judges, while flying in the face of our recent decisions, remains a reasonable statement of what the law should be.

We now have adopted bifurcated procedures that allow a determination of guilt in a guilt phase to be followed by a sentencing phase in which an appropriate penalty is imposed. Under Rule 31.4, no guilty plea can be entered in a capital murder case without the assent of the prosecuting attorney and the approval of the court. However, in all other cases, I believe that our Rule 31.1, and the cases interpreting our rule, should allow a guilty plea at the guilt phase to be followed by the imposition of an appropriate penalty in the sentencing phase. Following a guilty plea, the defendant should

be allowed to waive his right to a jury trial for sentencing with the assent of the prosecuting attorney and the approval of the court. The prosecutor should not have the right to deny a guilty defendant the right to plead guilty during the guilt phase. The prosecutor's right to veto a waiver of trial by jury under Rule 31.1 should be limited to the penalty phase. In my view, our rules lead us to an untenable result, and we should revise those rules.

For these reasons, I must respectfully concur.

I am authorized to state that ARNOLD, C.J., and SMITH, J., join in this concurrence.