Walter Randy WHITLOW *v.* STATE of Arkansas

CR 03-830                                                    166 S.W.3d 45

Supreme Court of Arkansas
Opinion delivered May 6, 2004

*Mike Everett*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Walter Randy Whitlow appeals his conviction for delivery of methamphetamine as well as his fifteen-year sentence. He urges on appeal that the circuit court erred in refusing to accept his proposed plea of guilty. We affirm.

On October 4, 2001, Whitlow, a resident of Marked Tree, allegedly delivered and sold methamphetamine and marijuana to a confidential informant, Norbert Knox, in Paragould. On November 1, 2001, Whitlow allegedly delivered methamphetamine, again to Knox. The State charged him with two counts of delivery of a controlled substance.

On December 30, 2002, Whitlow appeared before the circuit court and moved that he be allowed to plead guilty and be sentenced by the court. The prosecutor objected to this and invoked the State's right to a jury trial. Whitlow next filed a motion in which he argued that the prosecutor's refusal to assent to waiver of a jury trial violated his due-process and equal-protection rights under the United States and Arkansas Constitutions. He asked to be allowed to plead guilty and be sentenced by the circuit court.

On February 26, 2003, Whitlow filed his first amended motion in which he deleted his equal-protection argument and added an argument that denying him his right to plead guilty and be sentenced by the court violated the separation-of-powers doctrine of the United States and Arkansas Constitutions. The court denied Whitlow's amended motion. He was subsequently tried by a jury, found guilty of both delivery counts, and sentenced to fifteen years.

Whitlow's sole argument on appeal is that it was reversible error for the circuit court to refuse to accept his plea of guilty and

to sentence him.[1] He first contends that Arkansas Rule of Criminal Procedure 31.1, which requires the assent of the prosecutor before trial by jury can be waived by a defendant, violates Article 4, sections 1 and 2, of the Arkansas Constitution, which are the separation-of-powers provisions. This is the case, he maintains, because the courts traditionally have the authority to accept or deny a guilty plea in non-capital cases under Rules 24.4 through 24.7 of the Arkansas Rules of Criminal Procedure, and the prosecutorial veto power under Rule 31.1 allows prosecutors to usurp the judiciary's authority by appropriating it. He contends that this court's decisions in *State v. Vasquez-Aerreola*, 327 Ark. 617, 940 S.W.2d 251 (1997), *Numan v. State*, 291 Ark. 22, 722 S.W.2d 276 (1987), and their progeny are wrong and should be over-turned.[2]

■■ We begin our analysis by noting that this court has stated that we construe "court rules using the same means, including canons of construction, that are used to interpret statutes." *Williams v. State*, 347 Ark. 728, 756, 67 S.W.3d 548, 565 (2002). In deciding whether a statute is constitutional, this court has said that

> Our review of challenges to the constitutionality of statutes begins with the principle that statutes are presumed to be constitutional. The burden of proving a statute unconstitutional, we have said, is upon the party challenging it. If it is possible to construe a statute as constitutional, we must do so.

*Bailey v. State*, 334 Ark. 43, 52, 972 S.W.2d 239, 244 (1998) (internal citations omitted). Thus, the principle applies to construction of our court rules.

Article 4, section 1, of the Arkansas Constitution establishes three distinct departments of Arkansas' government:

> The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided

---

[1] We do not consider a defendant's right to plead guilty and then be sentenced by a jury, as that scenario was not addressed by either party.

[2] The argument that Article 2, section 7 of the Arkansas Constitution, which provides that the right to a jury trial is "inviolate" and that "a jury trial may be waived by the parties in all cases in the manner prescribed by law" is not fully developed in this case. Thus, we will not address whether this clause endows a prosecutor with authority to demand a jury trial.

to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.

Ark. Const. art. 4, § 1. Article 4, section 2, of the Arkansas Constitution adds: "No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Ark. Const. art. 4, § 2.

▮ The United States Supreme Court has made it clear that a defendant does not have the right to have a guilty plea accepted and to waive his jury trial under the United States Constitution. *See Singer v. United States*, 380 U.S. 24 (1964); *Lynch v. Overholser*, 369 U.S. 705 (1962). This court has noted that there are no constitutional provisions or statutes in Arkansas that confer upon a defendant the absolute right to have his plea accepted in lieu of a jury trial. *See Numan v. State, supra.* Indeed, our criminal rules specifically require the prosecutor's agreement before a defendant may waive a jury trial. *See* Ark. R. Crim. P. 24.3(d) and 31.1.

▮ The State argues that our criminal rules are an outgrowth of the prosecutor's constitutional authority to bring criminal charges against a defendant. *See* Ark. Const. amend. 21, § 1. This court has made it clear that only prosecuting attorneys may file criminal informations or amend those informations and that it violates the separation of powers for judges to be involved in charging decisions. *See, e.g., Simpson v. State*, 310 Ark. 493, 837 S.W.2d 475 (1992); *State v. Brooks*, 301 Ark. 257, 783 S.W.2d 368 (1990). But, in addition to this clear authority vested in prosecuting attorneys, the State maintains that prosecutors have the right to require defendants whom they charge to be tried by a jury. A requirement of trial by jury, according to the State, goes hand-in-hand with the prosecutor's power to bring criminal charges.

▮ We agree with the State that Arkansas has long required the prosecutor's assent before a jury trial can be waived. *See* Ark. Code Ann. § 16-89-108(a) (1987). Section 16-89-108(a) was codified following the enactment of Initiated Act 3 of 1937. Our criminal rule to the same effect, Rule 31.1, was adopted by this court in 1976. Rule 31.1 reads: "No defendant in any criminal cause may waive a trial by jury unless the waiver is assented to by

the prosecuting attorney and approved by the court." In addition to this history, this court has persistently found that a defendant does not have the sole right to waive a jury trial, and we have upheld Rule 31.1's requirement that the prosecutor must assent to a jury-trial waiver numerous times.

In *Fretwell v. State*, 289 Ark. 91, 708 S.W.2d 630 (1986), this court affirmed the death penalty for an appellant who was found guilty of capital murder. We did so even though the circuit judge would not accept the appellant's plea of guilty due to the fact that the prosecutor would not assent to waiver of a jury trial. We held that Rule 31.1 clearly requires that a jury trial must be had in criminal cases unless it is:

> (1) waived by the defendant, (2) assented to by the prosecutor, and (3) approved by the court. The first two requirements are mandatory before the court has any discretion in the matter. Here, the second requirement, assent by the state, was not had and the court was without discretion to allow the plea.

*Fretwell*, 289 Ark. at 94, 708 S.W.2d at 632, *quoted in Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992). We followed suit in a non-capital case in 1987 in *Numan v. State, supra. See also State v. Vasquez-Aerreola*, 327 Ark. 617, 940 S.W.2d 451 (1997). In 2000, this court reiterated its holding in two non-capital cases that Rule 31.1 correctly requires a prosecutor to assent to a defendant's plea before the circuit judge may exercise his discretion to approve the plea of guilty. *See State v. Smittie*, 341 Ark. 909, 20 S.W.3d 352 (2000); *State v. Singleton*, 340 Ark. 710, 13 S.W.3d 584 (2000).

Because the prosecutor did not assent to waiver of a jury trial pursuant to Rule 31.1, the circuit court had no authority to exercise its discretion to accept the guilty plea. Accordingly, the circuit court correctly denied Whitlow's motion on sentencing and denied Whitlow's guilty plea in lieu of a jury trial.

Whitlow next argues that Ark. R. Crim. P. 31.1 violates his due-process rights under both the Arkansas and United States Constitutions, because it curtails his liberty interest and forces him to be exposed to a higher sentence. He points to the statutory sentencing grid for judges to use following guilty pleas in support of his contention. *See* Ark. Code Ann. §§ 16-90-801—804 (Supp. 2003). He also adduces *Gardner v. State*, 332 Ark. 33, 963 S.W.2d 590 (1998), as authority for this proposition.

We address the *Gardner* case first and view it as distinguishable. That case involved an allegation of prosecutorial vindictiveness, when the prosecutor added a habitual-offender charge against a defendant who was returned to circuit court for retrial after federal *habeas corpus* review. The defendant contended that this was a vindictive act and that this vindictiveness exposed him to a greater penalty. We held that a presumption of vindictiveness had been raised but that it was sufficiently rebutted. Even so, the issue raised in *Gardner* is categorically different from a case where a prosecutor is invoking his right to a jury trial after charging a defendant. It is true that under both scenarios, a defendant is contending that his liberty interest under the due-process clause is jeopardized. However, there was no suggestion of vindictiveness in the instant case because of the prosecutor's insistence on a jury trial, and we refuse to read vindictiveness into the prosecutor's decision.

Whitlow also points to §§ 16-90-801—804 as a sentencing scheme that creates a liberty interest in protecting defendants from exposure to the higher ranges of sentences, which a jury could inflict under Ark. Code Ann. §§ 5-4-401—404 (Supp. 2003). He relies on *Virden v. Roper*, 302 Ark. 125, 788 S.W.2d 470 (1990), for the proposition that a State may protect a defendant's liberty interest through statutory measures.

We disagree with Whitlow's basic premise. The purpose of the sentencing standards is not to limit a defendant's exposure to greater sentences that might be set by juries. Rather, the statutory standards were created to assist judges who are required to do the sentencing due to guilty pleas or the inability of juries to agree on a sentence. The sentencing standards also seek to ensure sanctions that are "proportional to the seriousness of the offense of conviction and the extent of the offender's criminal history" and also to ensure that offenders with similar offenses will receive similar sanctions. Ark. Code Ann. § 16-90-801(b). The sentencing grid is manifestly not intended to afford a defendant a liberty claim under the Due Process Clause or to cast doubt on the validity of jury sentences decided pursuant to §§ 5-4-401—404.

In short, Whitlow has failed to show that the sentencing standards give rise to a constitutionally protected liberty interest which mandates a right to enter a guilty plea and be sentenced by the circuit court.

Affirmed.

THORNTON, J., concurs.

R AY THORNTON, Justice, concurring. I concur in the judgment because I agree with the determination that the issue whether a defendant should have the right to plead guilty in the guilt phase and to be sentenced by a jury in the sentencing phase was not addressed by either party. Therefore, this issue was not considered in the present case. My views on this issue are addressed in my concurrence in *State v. Smittie*, 341 Ark. 909, 20 S.W.3d 352 (2000).