2011 Ark. 395

**Vera Ann ARNOLD, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–353.**

Supreme Court of Arkansas.

Sept. 29, 2011.

Brad Hendricks Law Firm, by: Lloyd W. "Tre" Kitchens, III, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Rachel M. Hurst, Ass't Att'y Gen., for appellee.

PER CURIAM.

On July 10, 1998, appellant Vera Ann Arnold was convicted in Pulaski County Circuit Court of criminal solicitation to commit capital murder and criminal conspiracy to commit theft by deception. She received a total sentence of 480 months' incarceration in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Arnold v. State,* CACR 99–35, 1999 WL 1029746 (Ark.App. Nov. 3, 1999) (unpublished).

Appellant was paroled in 2008, and she filed petitions to seal the records of both

convictions. In her petitions, appellant alleged that she had been sentenced under Arkansas Code Annotated section 5–4–105(a)(2) (Supp.2009) and Arkansas Code Annotated sections 16–93–1201 to –1210 (Supp.1995 & Repl.2006), which provide for the sealing or expungement of certain criminal records. The circuit court found that appellant was not sentenced under these statutes, and the petitions were denied in a written order entered January 13, 2009. Appellant subsequently filed new petitions to seal the records of both convictions based on her assertion that she had been sentenced under Arkansas Code Annotated section 5–4–105(a)(1) and Arkansas Code Annotated sections 16–93–301 to –303 (Repl.2006).

Along with these petitions, appellant also filed a motion for relief from the January 13, 2009 order, pursuant to Arkansas Rule of Civil Procedure 60(a) (2011). In that motion, she argued that sections 16–93–1201 to –1210 were not in effect as of the date of her offenses and, due to appellant's exercising her right to a jury trial rather than pleading guilty, no statutes existed as to appellant that would allow for the expungement and sealing of her criminal records. Thus, according to appellant, she was eligible to refile her petitions under sections 16–93–301 to –303, which were only available to defendants who entered a plea of guilty or nolo contendere. Because she could not have her records expunged under these statutes, while someone who pled guilty to the same offenses could, appellant argued that the statutes were unconstitutional as both an equal-protection and a due-process violation. Furthermore, because the statutes were unconstitutional, appellant argued that her sentence was illegal as well.

The trial court held a hearing on the motion and the petitions and denied all three without prejudice. In its order, the trial court found, inter alia, that sections 16–93–1201 to –1210 were adopted in 1997 and inapplicable to appellant, that those sections did not provide relief equitable to the relief available under sections 16–93–301 to –303, that section 5–4–105(a)(1) and sections 16–93–301 to –303 are constitutional, and that it lacked jurisdiction to grant appellant's motion or petitions. In holding that the statutes were constitutional, the trial court found that there was a rational basis for the state interest advanced in Arkansas Code Annotated section 5–4–105(a)(1) and sections 16–93–301 to –303. The order specifically denied "each and every argument raised by" appellant. Appellant timely filed in this court an appeal from the trial court's order, and her brief was filed in this court on June 14, 2010.

On August 3, 2011, appellant filed a motion for oral argument, asserting that oral argument in her case is authorized by Rule 5–1 of the Rules of the Arkansas Supreme Court and Court of Appeals (2011), "particularly Rule 5–1(a)." Yet, despite pointing to Rule 5–1(a), appellant seemingly ignores that a request for oral argument must be made "contemporaneously with" either appellant's brief-in-chief or her reply brief. *See Ferguson v. State*, 342 Ark. 273, 26 S.W.3d 787 (2000) (per curiam). Here, appellant's brief-in-chief was filed on June 14, 2010, her reply brief was filed on August 27, 2010, and her August 3, 2011 motion was not filed contemporaneously with either brief.

At one time, our oral-argument rules allowed parties to file a motion for oral argument at any time that was "not more than five days after appellant's reply brief is filed or becomes due, whichever occurs first." *See* Ark. Sup.Ct. R. 5–1(a) (1994); *see also* Ark. Sup.Ct. R. 18(a) (1993). This was changed, however, when the current version of Rule 5–1, which

removed the five-day window and explicitly added the "contemporaneously with" language, took effect on September 1, 1997. *See* Ark. Sup.Ct. R. 5–1(a) (1998). When construing a court rule, we use the same means and canons of construction that are used to interpret statutes. *Pope v. Overton,* 2011 Ark. 11, 376 S.W.3d 400 (citing *Jackson v. Sparks Reg'l Med. Ctr.,* 375 Ark. 533, 294 S.W.3d 1 (2009)). We therefore construe a court rule so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the rule. *See id.* Accordingly, because appellant failed to file her motion for oral argument "contemporaneously with" either her brief-in-chief or her reply brief, she has not met one of the predicate requirements for requesting oral arguments, and her motion is denied.

We turn, then, to the substance of the underlying appeal. On appeal, appellant raises three points: (1) the trial court should have applied strict scrutiny, rather than rational-basis review, to the statutes in question; (2) the trial court erred in finding section 5–4–105(a)(1) and sections 16–93–301 to –303 constitutional, as they impermissibly violate appellant's rights to plead not guilty, to have a jury trial, to due process, and to equal protection; (3) the statutes in question impermissibly violate appellant's constitutional right to a legal sentence.

■ This court reviews both the circuit court's interpretation of the constitution as well as issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *See Forrester v. Martin,* 2011 Ark. 277, 383 S.W.3d 375. In considering the constitutionality of a statute, this court recognizes the existence of a strong presumption that every statute is constitutional. *Barclay v. First Paris Holding Co.,* 344 Ark. 711, 42 S.W.3d 496 (2001). The burden of rebutting a statute's constitutionality is on the party challenging the legislation. *Id.* An act should be struck down only when there is a clear incompatibility between the act and the constitution. *Id.* We acknowledge that it is the duty of the courts to sustain a statute unless it appears to be clearly outside the scope of reasonable and legitimate regulation. *Jegley v. Picado,* 349 Ark. 600, 80 S.W.3d 332 (2002) (citing *City of Little Rock v. Smith,* 204 Ark. 692, 163 S.W.2d 705 (1942)). Because appellant's arguments are entirely without merit, she has not met her burden of rebutting the constitutionality of the statutes in question, and we affirm.

■ The gravamen of appellant's first argument on appeal is that the statutes in question infringe on "fundamental rights" and are, therefore, subject to strict scrutiny, which means that they cannot pass constitutional muster unless they provide the least restrictive method available that is narrowly tailored to accomplish a compelling state interest. *See Ark. Dep't of Human Servs. v. Cole,* 2011 Ark. 145, 380 S.W.3d 429. Specifically, appellant argues that, by offering the possibility to expungement or sealing of records only to people who plead guilty or nolo contendere, section 5–4–105(a)(1) and sections 16–93–301 to –303 infringe on her right to plead not guilty and her right to a trial by jury, which are found in article 2, sections 7 and 10, of the Arkansas Constitution and the Fifth and Sixth Amendments to the United States Constitution. Therefore, appellant argues, the trial court should have applied strict scrutiny under *Jegley.* Further, appellant asserts that the statutes could not survive strict-scrutiny review, and the trial court's order should be reversed and remanded for expungement of appellant's convictions.

■ We need not address the merits of this argument, as it is clear that appellant

lacks the requisite standing to bring this claim. In numerous cases, we have held that a litigant has standing to challenge the constitutionality of a statute if the law is unconstitutional as applied to that particular litigant. *Gallas v. Alexander*, 371 Ark. 106, 263 S.W.3d 494 (2007) (citing *Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1997)); *Hamilton v. Hamilton*, 317 Ark. 572, 879 S.W.2d 416 (1994). The general rule is that one must have suffered injury or belong to a class that is prejudiced in order to have standing to challenge the validity of a law. *Gallas*, 371 Ark. 106, 263 S.W.3d 494. Appellant pled not guilty and received a jury trial. She therefore has not suffered an injury, because, as to appellant, the law did not "impose an impermissible burden upon the exercise of [her] right to a jury trial and [her right] not to plead guilty," despite her assertions to the contrary.

Appellant's attempt to reframe her argument on this point in her reply brief is similarly unavailing. In response to the State's argument that appellant lacked standing to raise this claim because her right to a jury trial was not infringed, appellant asserts that she was punished for exercising her fundamental rights, which she claims is unconstitutional under *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). In *Jackson*, the United States Supreme Court struck down a provision of the Federal Kidnapping Act that allowed for the death penalty if a defendant went to trial and was convicted, while not allowing for the same punishment if a defendant pled guilty. The Court found that the "inevitable effect of any such provision is, of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial." *Jackson*, 390 U.S. at 581, 88 S.Ct. 1209. Appellant overlooks, however, that the Eighth Circuit has held that, where a defendant exercises her right to a jury trial and does not plead guilty, she has no standing to raise a *Jackson* claim. *See Pickens v. Lockhart*, 714 F.2d 1455 (8th Cir.1983). We agree.

Constitutional rights are personal rights and may not be raised by a third party. *Morrison*, 328 Ark. 278, 943 S.W.2d 559. There is a narrow exception to this rule for cases in which the issue would not otherwise be susceptible of judicial review and it appears that the third party is sufficiently interested in the outcome that the interest of the party whose constitutional rights were allegedly deprived would be adequately represented. *Medlock v. Fort Smith Serv. Fin. Corp.*, 304 Ark. 652, 803 S.W.2d 930 (1991). That exception does not apply here. Appellant therefore lacks standing to raise arguments based on alleged infringements upon her right to a jury trial or her right to plead not guilty.

For her second argument on appeal, appellant argues that the trial court erroneously determined that the statutes in question were constitutional, because these statutes impermissibly violated her right to a jury trial, her right to plead not guilty, her right to equal protection under the law, and her right to due process. For the reasons set out above, appellant lacks standing to bring this claim vis-a-vis her rights to a jury trial or to plead not guilty. Accordingly, we will only address appellant's arguments as to equal protection and due process.

Equal protection under the law is guaranteed by the Fourteenth Amendment to the United States Constitution and by article 2, sections 2, 3, and 18 of the Arkansas Constitution. We have outlined on numerous occasions the elements that are necessary in order to determine whether an equal-protection challenge is warranted.

*Ghegan & Ghegan v. Barclay*, 345 Ark. 514, 49 S.W.3d 652 (2001). We have stated, "In deciding whether an equal protection challenge is warranted, there must first be a determination that there is a state action which differentiates among individuals." In the instant case, appellant has established that section 5–4–105(a)(1) and sections 16–93–301 to –303 differentiate among defendants who plead guilty or nolo contendere and defendants who go to trial and are found guilty.

██ Once equal protection is invoked, we must then decide what standard of analysis applies. *Bosworth v. Pledger*, 305 Ark. 598, 810 S.W.2d 918 (1991). In other words, we must determine |₈whether it is necessary only to show some rational basis for the classification, or whether the statute impinges on a fundamental right or is based on a suspect criterion, in which case a higher standard of scrutiny would apply. *See id.*

██ The disadvantaged class in the instant case is comprised of people who plead not guilty and are convicted at trial, and this class is not constitutionally suspect. *See Boshears v. Ark. Racing Comm'n*, 258 Ark. 741, 746–47, 528 S.W.2d 646, 649–50 (1975); *see generally Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); *Korematsu v. U.S.*, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944); *United States v. Carolene Prods. Co.*, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). Similarly, the statutes do not impermissibly interfere with a fundamental right. First, as appellant herself concedes, there is no constitutional right to expungement of a conviction. In addition, the Supreme Court has explained that "not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." *Corbitt v. New Jersey*, 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978).

Specifically, there is no per se rule against encouraging guilty pleas. *Id.* The plea-bargaining process necessarily exerts pressure on defendants to plead guilty and to abandon a series of fundamental rights, but the government "may encourage a guilty plea by offering substantial benefits in return for the plea." *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (quoting *Corbitt*, 439 U.S. 212, 99 S.Ct. 492). Thus, ignoring momentarily that appellant lacks the standing to bring such claims, she nevertheless has failed to establish that the statutes in question impermissibly infringe upon anyone's right to plead not guilty or right to a jury trial.

██ Because no suspect classification or fundamental right is impacted by these statutes, the applicable constitutional standard of review is the rational-basis test. *LaFont v. Mixon*, 2010 Ark. |₉450, 374 S.W.3d 668 (citing *Archer v. Sigma Tau Gamma Alpha Epsilon, Inc.*, 2010 Ark. 8, 362 S.W.3d 303). Under the rational-basis test, we presume section 5–4–105(a)(1) and sections 16–93–301 to –303 to be constitutional and rationally related to achieving their objectives. *See id.* As the party challenging these statutes, it is appellant's burden to prove the rule unconstitutional. *Id.* Under the rational-basis test, the party challenging the constitutionality of the statute must prove that the statute is not rationally related to "achieving any legitimate governmental objective under any reasonably conceivable fact situation." *Talbert v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006).

██ Appellant's argument on this point is only that rational-basis review is the incorrect standard and that her disparate treatment under the statutes, relative to defendants who plead guilty or nolo contendere, is "clearly arbitrary and capri-

cious." As we have explained herein, there is no merit to appellant's contention that strict scrutiny should be applied to our review of these statutes. Moreover, the statutes easily survive rational-basis review; as just one example, the government has a legitimate interest in judicial economy, which these statutes foster by reducing the number of trials that the state must hold. A classification must be upheld against an equal-protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *Heller v. Doe,* 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993).

■ Related to her equal-protection argument is appellant's claim that the statutes in question "constitute a denial of liberty interest and other interests without due process of law." As mentioned, appellant concedes that there is no constitutional right to have a sentence expunged. Nevertheless, appellant asserts that, because defendants who go to trial are not able to later have their convictions expunged, these statutes deprive those defendants of a liberty interest in having a "clean record." This argument is without merit.

■ State statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment. *Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *see Virden v. Roper,* 302 Ark. 125, 788 S.W.2d 470 (1990); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Not every statute, however, creates a liberty interest for due-process purposes. *See*

*Crawford v. Cashion,* 2010 Ark. 124, 361 S.W.3d 268 (per curiam) (classification of prisoners involves no constitutional rights sufficient to implicate due process); *Munson v. Ark. Dep't of Corr.,* 375 Ark. 549, 294 S.W.3d 409 (2009) (per curiam) (inmate did not have a liberty interest in the actual procedures to be administered by the Department of Correction); *McKinnon v. Norris,* 366 Ark. 404, 231 S.W.3d 725 (2006) (no liberty interest in meritorious good time because it did not operate to reduce the actual length of a prisoner's sentence); *Whitlow v. State,* 357 Ark. 290, 166 S.W.3d 45 (2004) (statutory sentencing grid did not create a liberty interest in protecting defendant from exposure to the higher ranges of sentences).

We find no support for the idea that the statutes in question combine to create a liberty interest. First of all, section 16–93–303(a)(3) clearly states: "Nothing in this subsection shall require or compel any court of this state to establish first-offender procedures as provided in §§ 16–93–301—16–93–303, nor shall any defendant be availed the benefit of §§ 16–93–301—16–93–303 as a matter of right." Where there is no right to expungement under a statute, it follows logically that the statute creates no liberty interest in having a "clean record."

More importantly for purposes of this appeal, sections 16–93–301 to –303 are wholly inapplicable to appellant. Expungement of appellant's records, if available to her at all, is governed by Arkansas Code Annotated section 16–93–1201.[1] *See* Ark.Code Ann. § 5–4–105(a)(2) ("If a judgment of guilt is entered . . . after a finding of guilt by a judge or a jury, eligibility for

---

1. Both the trial court and appellant somewhat inexplicably determined that Arkansas Code Annotated sections 16–93–1201 et seq. were not in effect on the date that appellant committed her crimes. They are mistaken.

These provisions, including the provisions on expungement in these situations, were put into the Arkansas Code by Act 531 of 1993, and they took effect that same year. Appellant's crimes were committed in 1996.

an expungement or a sealing of the records of the criminal prosecution is governed by § 16–93–1201 et seq."). Similar to the previously discussed statute, this statute does not create a liberty interest for due-process purposes. Section 16–93–1207(b)(1) makes clear that expungement under this statute is at the discretion of the court, stating, "Upon the successful completion of probation or a commitment to the Department of Correction with judicial transfer to the Department of Community Correction or a commitment to a county jail for one of the offenses targeted by the General Assembly for community correction placement, the court may direct that the record of the offender be expunged of the offense" in certain situations. Moreover, section 16–93–1210 explains, "Nothing in this subchapter shall grant any offender the right to be sentenced or transferred under this subchapter as a matter of right."

■■■ Despite the plain language of section 5–4–105(a)(1), which appellant concedes is applicable to the instant case, she nonetheless asserts that section 16–93–1201 is inapplicable because her offenses were not eligible "target offenses" under this statute. Such an argument entirely misses the point of the statute, which is to lessen the state's fiscal burden for incarcerations by providing alternative sentencing for "inmates [who] can be effectively punished, with little risk to the public, in a more affordable manner through the use of community correction programs and nontraditional facilities." Ark.Code Ann. § 16–93–1201(a). It defies all logic to suggest, as appellant does, that offenders who pose "little risk to the public" would be subject to this more stringent expungement scheme while appellant, who was convicted of soliciting someone to murder an insurance adjuster, should be allowed to avail herself of the more lenient expunge-

ment rules in sections 16–93–301 to –303. It is axiomatic that this court will not interpret a statute in a manner that defeats its legislative purpose, nor will we interpret a statute to lead to an absurd result. *City of Rockport v. City of Malvern,* 2010 Ark. 449, 374 S.W.3d 660; *see Sluder v. Steak & Ale of Little Rock, Inc.,* 361 Ark. 267, 276, 206 S.W.3d 213, 218 (2005); *Green v. Mills,* 339 Ark. 200, 205, 4 S.W.3d 493, 496 (1999). Accordingly, we find appellant's argument that she is entitled to expungement under sections 16–93–301 to –303 to be incorrect and without merit.

■■■ Appellant's final argument is that her sentence was illegal because the expungement statutes are unconstitutional, and the statutes that she was sentenced under did not permit her sentence's being expunged because she exercised her right to a jury trial. In support of this argument, appellant points to our decision in *State v. Webb,* 373 Ark. 65, 281 S.W.3d 273 (2008), in which we held that a sentence that allowed for expungement under sections 16–93–301 to –303 was illegal where the defendant had pled not guilty and was adjudicated guilty by the court following a bench trial. Appellant argues that "[the] same principle [in *Webb* ] would apply inversely to [appellant] when this Court finds A.C.A. § 5–4–105(A)(1) and 16–93–303 to be unconstitutional." There is no merit to this argument, both because it is an incorrect reading of our decision in *Webb* and because we do not find the statutes in question to be unconstitutional.

■■■ In *Webb,* the statute under which the defendant was sentenced was presumed valid; it was the trial court's lack of authority to impose the sentence that was at issue. *See also Thomas v. State,* 349 Ark. 447, 79 S.W.3d 347 (2002) (The trial court lacked the authority to sentence the defendant under Act 346, so that portion of

the sentence was illegal.). It is unclear how this holding "would apply inversely" to appellant. At best, she seems to argue that, if we found the statutes in question to be unconstitutional, then the trial court would have lacked the authority to *not* sentence appellant under a statute that allowed for expungement. This simply does not make sense; if the statutes in question were found to be unconstitutional, nothing in *Webb* or any other case cited by appellant supports the idea that the remedy to this unconstitutionality would be to retroactively allow all sentences, including appellant's, to be eligible for expungement. With few exceptions we have held that, once a statute is declared unconstitutional, it must be treated as if it had never existed and is "as inoperative as if it had never been passed." *Weiss v. Geisbauer*, 363 Ark. 508, 215 S.W.3d 628 (2005) (quoting *Weiss v. McFadden*, 356 Ark. 123, 148 S.W.3d 248 (2004)). Appellant has pointed to nothing that would establish an exception to this rule vis-a-vis the expungement statutes. We need not consider an argument, even a constitutional one, when a claimant presents no relevant citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Moore v. State*, 2011 Ark. 269, 2011 WL 2412787 (per curiam) (citing *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam)).

Moreover, even if appellant's premise regarding the applicability of *Webb* were correct—which it is not—she would still be entitled to no relief on this argument, as we do not find that the statutes in question are unconstitutional as applied to appellant. *See Jegley*, 349 Ark. 600, 80 S.W.3d 332 (There are two types of constitutional challenges to statutes: facially unconstitutional, for which a claimant must show that under no circumstances could the statute be constitutionally applied, and as-applied

to the claimant.). She has not established that the statutes amounted to equal-protection or due-process violations, and she lacked the standing to assert that they infringed on her rights to a jury trial and to plead not guilty. As such, we find that appellant has not established the unconstitutionality of the statutes in question, and, accordingly, she has failed to establish that her sentence is illegal. She was properly sentenced within the statutory range for each of her crimes, and there is no statute that would allow for the expungement of appellant's convictions.

In sum, we find that the trial court did not err in applying rational-basis review to the statutes in question or in finding section 5–4–105(a)(1) and sections 16–93–301 to –303 constitutional, and the statutes in question do not violate appellant's constitutional right to a legal sentence.

Affirmed.