Cite as 2021 Ark. App. 256

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR–20–561

| | |
|---|---|
| SHERMAN JAMAL JOHNSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 26, 2021<br><br>APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT [NO. 50CR-19-132]<br><br>HONORABLE DUNCAN CULPEPPER, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Sherman Johnson appeals from his conditional plea of guilty to seven counts of first-degree sexual assault. The issue raised by Johnson is whether the application of Ark. Code Ann. § 5-14-124(a)(1)(D) (Supp. 2019) to this case violates his right to privacy and his right to equal protection of the laws under the United States and Arkansas Constitutions. We affirm.

## I. *Overview*

In 2018, Sherman Johnson worked part time as a technology specialist for the Prescott School District #14. He also, in the fall of 2018, volunteered with Prescott's high school band program for an hour or two each week. In June 2019, the State of Arkansas filed an information against Johnson. The information alleged that Johnson had committed multiple counts of first-degree sexual assault in violation of Ark. Code Ann. § 5-14-124(a)(1)(D). The charges were based on alleged sexual intercourse and deviate sexual

activity between twenty-five-year-old Johnson and TS, a sixteen-year-old female student. The State alleged that TS was a minor, that she was not Johnson's spouse, and that he was an employee at TS's school or school district "and/or a person in a position of trust or authority over the minor, in violation of A.C.A. § 5-14-124(a)(1)(D)."[1] Johnson pled not guilty and subsequently moved to dismiss the charges against him, asserting that the application of section 5-14-124(a)(1)(D) violated his constitutional right to equal protection of the law and his right to privacy. The State opposed the motion. On 22 June 2020, the State amended its criminal information to include one additional count of first-degree sexual assault, for a total of eight counts, and to remove its allegation that Johnson was "a person in a position of trust or authority over the minor." On June 23, Johnson opposed the State's amendment and filed a second motion to dismiss the criminal charges.

On 23 June 2020, the circuit court convened a hearing on Johnson's motions to dismiss. Three witnesses testified: Prescott school superintendent Robert Poole; Willie Wilson, dean of students at Prescott High School; and Patricia Blake, Johnson's mother and president of the Prescott School Board. At the end of the hearing, the circuit court found that Johnson was a school employee. The court ruled that section 5-14-124(a)(2)(B)[2]

---

[1]Arkansas Code Annotated section 5-14-124(a)(1)(D) provides that an "employee in the victim's school or school district, a temporary caretaker, or a person in a position of trust or authority over the victim" commits first-degree sexual assault if the actor engages in sexual intercourse or deviate sexual activity with a minor who is not the actor's spouse.

[2]A person commits first-degree sexual assault if he or she is a teacher, principal, athletic coach, or counselor in K–12 public or private school who engages in sexual intercourse or deviate sexual activity with a person who is not the actor's spouse; and the victim is less than twenty-one years of age and a student enrolled in the public or private school employing the actor; and the actor "*[i]s in a position of trust or authority over the victim*

"applies to any employee of the school, whether it be a computer tech, janitor, school teacher, cafeteria worker or anything, else." The court also ruled that "[p]art-time help or part-time employees are still employees, and are to be considered as such . . . [and] there is not a protected class, there."

Prior to a written ruling on the motions to dismiss, Johnson and the State entered into a written plea agreement whereby Johnson agreed to plead guilty to seven of the eight counts of first-degree sexual assault charged. In exchange, the State agreed to recommend ten years' probation for each offense, and the probation periods would run concurrently with each other. The State also required that Johnson register as a sex offender, that he pay $2500 in court costs, fees, and fines, and that his contact with TS be "limited as necessary for the raising of the child."[3] Johnson specifically reserved in writing his right to appeal the judgment and for an appellate court to review his "challenge to the constitutionality of Ark. Code Ann. § 5-14-124(a)(1)(D)[.]" On June 24, the circuit court accepted and approved Johnson's conditional plea.

On June 26, the court entered a written order denying Johnson's motions to dismiss and rejecting his constitutional arguments "in all respects." The court also ruled that Johnson was an employee at TS's school or school district "for purposes of his prosecution in this matter under Arkansas Code [Annotated] Section 5-14-124(a)(1)(D)." Also on June 26, the court entered a judgment on the conviction and sentence relating to Johnson's

---

*and uses his or her position of trust or authority over the victim to engage in sexual intercourse or deviate sexual activity*." Ark. Code Ann. § 5-14-124(a)(2) (emphasis added).

[3]As a result of the sexual activity with Johnson, TS became pregnant and had a child.

negotiated conditional guilty plea. Johnson appeals the judgment, arguing violations of his right to equal protection and his right to privacy.

## II. *Constitutional Issues*

We have jurisdiction over this appeal pursuant to Arkansas Rule of Criminal Procedure 24.3(b)(iii) (2020). When reviewing constitutional challenges, our supreme court has held that a statute is presumed constitutional and that all doubts are resolved in favor of constitutionality. *Talbert v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006). As the party challenging the statute, Johnson has the burden to prove that it is unconstitutional. *See id.* We have plenary review over the equal-protection and privacy issues that Johnson raises. *See Arnold v. State*, 2011 Ark. 395, at 4, 384 S.W.3d 488, 493 ("This court reviews both the circuit court's interpretation of the constitution[,] as well as issues of statutory interpretation[,] de novo[.]").

## A. Right to Privacy

Johnson argues that an individual who has reached the age of sixteen has the ability to consent to sexual activity; therefore, the State cannot criminalize sexual acts between a student like TS and someone like him who had no authority over her. Johnson asserts that he was not a teacher, a principal, an athletic coach, or a counselor who used his position to unduly influence TS's decision to consent. To criminalize sexual behavior between an adult and a minor who is legally able to consent infringes on federal and state constitutional rights to privacy and intimate association, says Johnson. He specifically contends that the right to engage in consensual, noncommercial sex with a person at the age of consent (sixteen) is a

fundamental constitutional right. In Johnson's view, we must therefore review Ark. Code Ann. § 5-14-124(a)(1)(D) using a strict-scrutiny standard of review. We disagree.

The United States Supreme Court has not expressly defined an individual's right to privacy in this area under the United States Constitution; but the Court has recognized the right of intimate association in families and other types of intimate relationships that touch on "distinctively personal aspects of one's life." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 620 (1984). True, adults are, generally speaking, free to engage in private sexual conduct as part of the liberty interest guaranteed to them under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Lawrence v. Texas*, 539 U.S. 558 (2003). But this right does not extend to "minors" or "involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused." *Id.* at 578.

The Arkansas Constitution guarantees to every citizen the right to life, liberty, and property. *Coker v. City of Ft. Smith*, 162 Ark. 567, 258 S.W. 388 (1924). The Arkansas Supreme Court has recognized a fundamental right to privacy that is implicit in the Arkansas Constitution, a right that protects all private, consensual, and noncommercial sexual acts between adults. *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002); *see also Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 487. In Arkansas, individuals can legally consent to sexual intercourse when they turn sixteen. Ark. Code Ann. § 5-14-127(a) (Supp. 2019). But persons are not considered adults until they turn eighteen. Ark. Code Ann. § 9-25-101(a) (Supp. 2019). Therein lies a space in which Johnson seeks to place this argument.

In *Akers v. State*, 2015 Ark. App. 352, 464 S.W.3d 483, however, this court specifically rejected a school employee's argument that he had a constitutional privacy right to engage in sexual relations with a minor student. We held that there is no fundamental right for an adult to engage in sexual activity with a minor. *Id*. We reasoned, in part, that the State has a legitimate interest in preserving a school system free of the complications created by sexual relationships between employees and students and to protect students from sexual exploitation. *See id*. (citing *Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003)).

Johnson presents no persuasive reason for this court to stray from *Akers*. While *Akers* involved a teacher, not a part-time technology specialist like Johnson, the same general principle applies. Moreover, there is a rational basis for the law prohibiting a school employee from having sex with a minor student enrolled in the school district that employs him or her. Consequently, Ark. Code Ann. § 5-14-124(a)(1)(D) does not violate Johnson's right to privacy or intimate association under the Arkansas or United States Constitutions.

## B. Equal Protection

Next, Johnson argues that Ark. Code Ann. § 5-14-124(a)(1)(D) violates his rights under the Equal Protection Clause of the United States and Arkansas Constitutions. Before delving into Johnson's specific equal-protection arguments, we first note that the constitutions' equal-protection guarantees do not have anything to do with whether Johnson is properly classified pursuant to Ark. Code Ann. § 5-14-124(a)(1)(D) as an "employee in the victim's school or school district." Whether Johnson has been properly designated as a person who falls within the statutory classification is a separate issue from equal protection under the laws. By pleading guilty, Johnson has waived his right to appeal

6

any adverse rulings, except to "challenge the constitutionality of Ark. Code Ann. § 5-14-124(a)(1)(D)." *See Laymon v. State*, 2015 Ark. 485, 478 S.W.3d 203 (An appellate court can address any type of constitutional challenge that has been properly reserved under subsection (b)(iii) of Ark. R. Crim. P. 24.3.). We therefore do not address the correctness of the circuit court's finding that Johnson was a school employee. We will, however, address Johnson's contention that Ark. Code Ann. § 5-14-124(a)(1)(D) classifies individuals in a way that violates the equal-protection clauses in the federal and state constitutions.[4] Equal protection is concerned with whether people in the same situation are being treated differently. *Landers v. Stone*, 2016 Ark. 272, 496 S.W.3d 370.

Johnson makes two arguments for why section 5-14-124(a)(1)(D) is class-based legislation that unlawfully singles out school employees and prohibits them from engaging in consensual sex with a minor.

1. *There is a rational basis to treat school employees differently than the general public*

Johnson first argues that the law violates his equal-protection rights because it treats other citizens in similar situations differently than him. "A person employed at the local 7-11, Wal-Mart, or any other business can have as much consensual sex as they want with a 16- or 17-year-old and not be guilty of any crime," says Johnson. He argues that a "mere school employee" like himself who engages in the same act with the same sixteen- or seventeen-year-old is, instead, guilty of a Class A felony and classified as a sex offender. For

---

[4]The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A similar protection is found in article 2, section 3 of the Arkansas Constitution.

its part, the State does not dispute that adults who are not school employees are treated differently under the law than school employees are. The State argues that equal protection permits nonsuspect classifications that have a rational basis and are reasonably related to a legitimate governmental purpose. We agree with the State on this point.

"The first step in an equal-protection case is to determine whether the plaintiff has demonstrated that he or she was treated differently than others who were similarly situated to him or her." *Brown v. State*, 2015 Ark. 16, at 6–7, 454 S.W.3d 226, 231. Johnson demonstrated that the law treats the general public differently than school employees under these circumstances. But to prove that the school-employee classification at issue deprives him of equal protection under the law, Johnson must also show that there is no rational basis for this classification. *Talbert v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006). Rational-basis review is called for because section 5-14-124(a)(1)(D) does not implicate a fundamental right or discriminate against a suspect class. *See Arnold v. State*, 2011 Ark. 395, 384 S.W.3d 488.

Johnson has not met the high burden of proving that Ark. Code Ann. § 5-14-124(a)(1)(D) is not rationally related to achieving any legitimate governmental objective under any reasonably conceivable fact situation. The classification at issue is "[a]n employee in the victim's school or school district." Ark. Code Ann. § 5-14-124(a)(1)(D). The General Assembly could have rationally imposed different standards of conduct on school employees who seek to engage in sexual activity with minor students as compared to persons who are not school employees. The statutory classification of a school employee rationally advances the government's legitimate interest in having a protected learning environment

8

for students.  *Smith, supra*; *Akers, supra.*  Johnson has therefore not demonstrated a violation of the equal-protection provisions in the federal or state constitutions.

2.  *There is a rational basis to provide a protective learning environment for both minor and adult students*

Johnson's second argument is that certain school employees are treated differently than teachers, principals, athletic coaches, or counselors.  Before going further, it is worth putting forth the entire statute that is Johnson's target:

(a) A person commits sexual assault in the first degree if:

(1) The person engages in sexual intercourse or deviate sexual activity with a minor who is not the actor's spouse and the actor is:

(A) Employed with the Division of Correction, the Division of Community Correction, the Department of Human Services, or any city or county jail or a juvenile detention facility, and the victim is in the custody of the Division of Correction, the Division of Community Correction, the Department of Human Services, any city or county jail or juvenile detention facility, or their contractors or agents;

(B) Employed by or contracted with the Division of Community Correction, a local law enforcement agency, a court, or a local government and the actor is supervising the minor while the minor is on probation or parole or for any other court-ordered reason;

(C) A mandated reporter under § 12-18-402(b) and is in a position of trust or authority over the victim and uses the position of trust or authority to engage in sexual intercourse or deviate sexual activity; or

*(D) An employee in the victim's school or school district*, a temporary caretaker, or a person in a position of trust or authority over the victim; or

(2) The person is a teacher, principal, athletic coach, or counselor in a public or private school in kindergarten through grade twelve (K-12) and the actor:

(A) Engages in sexual intercourse or deviate sexual activity with a person who is not the actor's spouse and the victim is:

9

(i) Less than twenty-one (21) years of age; and

(ii) A student enrolled in the public or private school employing the actor; and

(B) Is in a position of trust or authority over the victim and uses his or her position of trust or authority over the victim to engage in sexual intercourse or deviate sexual activity.

(b) It is no defense to a prosecution under this section that the victim consented to the conduct.

(c) It is an affirmative defense to a prosecution under subdivision (a)(1)(D) of this section that the actor was not more than three (3) years older than the victim.

(d) Sexual assault in the first degree is a Class A felony.

Ark. Code Ann. § 5-14-124 (emphasis added).

Johnson essentially argues that subsection (a)(1)(D) provides an irrebuttable presumption that an employee holds a position of authority over a student and uses his or her authority to facilitate an intimate relationship with the student if there has, in fact, been a relationship. This statutory "presumption" is unconstitutional, Johnson says, because it is overinclusive. He says that the statute as written and as applied to him denies him the right to demonstrate the true facts: TS consented to sexual activity with Johnson, and he exercised no special authority or coercion during the relationship. This next point is also a very important one to Johnson: he would not have faced criminal liability under the statute in the *same manner* had he been a teacher, a principal, an athletic coach, or a counselor instead of a part-time technology specialist.

This point needs unpacking. Johnson argues that if a person who fits in one of these four roles or categories (principal, teacher, athletic coach, or counselor) was criminally

10

charged as he was, then that person would enjoy a greater protection under the law. Why? Because the State must also prove beyond a reasonable doubt that the principal, teacher, athletic coach, or counselor actually used his or her position of trust over the student to procure a sexual act.

The State disagrees with Johnson. It disputes that school employees are treated differently than teachers, principals, athletic coaches, or counselors when the victim is sixteen years old. The State interprets section 5-14-124's (a)(1) and (a)(2) as setting forth alternative ways to commit the offense, which is made clear by the use of the word "or" between them. Subsection (a)(1) applies if the victim is a minor, and it applies to all school and school-district employees. Subsection (a)(2) applies if the student is less than twenty-one years old and the school employee is of an identified position who uses his or her position of authority over the victim to commit the offense. But if the victim is under the age of eighteen (that is, a minor), then *any* school or school-district employee, including a teacher, a principal, an athletic coach, or a counselor, can be charged under section 5-14-124(a)(1)(D). According to the State, subsection (a)(2) applies only when the student is between eighteen and twenty years old, and it was added to the statute by the General Assembly in response to our supreme court's holding in *Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 487.

A word about *Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 487, is in order. In that case, our supreme court declared that a previous version of Ark. Code Ann. § 5-14-125 was unconstitutional as applied to a public high school teacher who had a consensual sexual relationship with his eighteen-year-old student. At the time of the alleged violation in 2009,

section 5-14-125(a)(6) provided that "[a] person commits sexual assault in the second degree if the person [i]s a teacher in a public school in a grade kindergarten through twelve (K–12) and engages in sexual contact with another person who is [a] student enrolled in the public school and [l]ess than twenty-one (21) years of age." The *Paschal* court reasoned that this statute was unconstitutional because it violated the teacher's fundamental privacy right to engage in private, consensual, noncommercial acts of sexual intimacy with an adult. *Id*. at 9, 388 S.W.3d at 434 (citing *Jegley*, 349 Ark. at 632, 80 S.W.3d at 350).

The *Paschal* decision related to Ark. Code Ann. § 5-14-125, a statute governing second-degree sexual assault. It did not, however, decide anything about Ark. Code Ann. § 5-14-124, the first-degree sexual-assault statute at issue in this case. When *Paschal* issued, a previous version of Ark. Code Ann. § 5-14-124 (Repl. 2009) existed that criminalized sex between minor students and school employees. The 2009 version of Ark. Code Ann. § 5-14-124 is almost identical to the version under which Johnson was charged, except that the previous version did not contain subsection (a)(2). Subsection (a)(2) was added to section 5-24-124 by the General Assembly in 2013. *See* Act of Apr. 10, 2013, No. 1044, 2013 Ark. Acts 2923. So there is some support for the State's assertion that section 5-14-124(a)(2) was enacted in 2013 to correct the problems with the statute at issue in that case that caused the court to find it unconstitutional with regard to a teacher having sex with an eighteen-year-old student. Yet *Paschal* was not decided under this particular statute nor is there a statement by the General Assembly that subsection (a)(2) was passed for this particular purpose.

Johnson's argument is that the classification in subsection (a)(1)(D) is overinclusive because it includes not only part-time help like himself but also a teacher who is a contracted

employee of the school district who could be charged under subsection (a)(2). A plain reading of the statute reveals that a prosecutor's choice is not limited by any certain factor to determine whether an incident involving a sixteen-year-old student and a teacher is to be prosecuted as a crime under section 5-14-124(a)(1)(D) or under section 5-14-124(a)(2)(A)−(B). This is because the statute at issue criminalizes not only sexual intercourse and deviate sexual acts between an employee in the victim's school or school district and a minor student enrolled in the school or school district under Ark. Code Ann. § 5-14-124(a)(1)(D) but also sexual intercourse and deviate sexual acts between a student enrolled in the school or school district who is under twenty-one and a teacher, a principal, an athletic coach, or a counselor who is in a position of trust or authority over the victim and uses his or her position of trust or authority over the victim to engage in the sexual activity. Ark. Code Ann. § 5-14-124(a)(2)(A)−(B).

We agree with Johnson that the classification of "school employee" could be read as being too broad because if Johnson were a teacher with a term contract instead of a part-time technology specialist employed at will, then a prosecutor could reasonably have charged him with violating either or both of these subsections. *Compare Paschal*, 2012 Ark. 127, 388 S.W.3d 487; *Smith*, 354 Ark. 226, 118 S.W.3d 542; *Akers*, 2015 Ark. App. 352, 464 S.W.3d 483. Nonetheless, we hold that the legislative line-drawing passes constitutional muster in this case. A state law does not violate equal protection merely because its classifications are imperfect or unwise. *See Landers v. Stone*, 2016 Ark. 272, 496 S.W.3d 370.

13

The bottom constitutional line here is that we need only ask whether section 5-14-124(a)(1)(D)'s classification of school employee bears a rational relationship to a legitimate governmental purpose that our state or federal constitutions do not prohibit. Our role is not to discover the actual basis for the legislation but to consider whether any rational basis exists that demonstrates the possibility of a deliberate nexus with state objectives so that legislation is not the product of arbitrary and capricious governmental purposes. *Smith*, 354 Ark. 226, 118 S.W.3d 542. Because the statute's classification is presumed constitutional, Johnson has the burden of negating every conceivable basis that might support it. *Heller*, *supra*.

He cannot do so. First, the law's classification is rationally related to the prevention of sexual relationships between employees and children. A legitimate purpose for section 5-14-124(a)(1)(D) is protecting minors from sex with adult employees of the school or school district that they attend. Second, the law's classification of school employees is rationally related to providing a protected learning environment for students. A minor's status as a public or private school student is what implicates the relevant governmental interest here, so a minor's legal capacity to consent is not determinative on whether the law is rational. Consent is not a defense to a crime charged under subsection (a)(1) or subsection (a)(2). *See* Ark. Code Ann. § 5-14-124(b). As for the distinction between "an employee in the victim's school or school district" and a "teacher, principal, athletic coach, or counselor," the State does not have to show exploitation under subsection (a)(1), which is a rational line to achieve the governmental purpose sought of a protected environment for minor children in schools, but the State must prove exploitation of adult students under

14

subsection (a)(2).  The statutory classification is not drawn as Johnson would have it done, but it is clear enough and precise enough to pass constitutional scrutiny under a rational-basis standard of review.

## III.  *Conclusion*

The application of Ark. Code Ann. § 5-14-124(a)(1)(D) in this case does not impermissibly invade Sherman Johnson's right to privacy, nor does it violate his right to equal protection of the laws under the United States and Arkansas Constitutions.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Stayton & Associates, P.A.*, by: *Rowe Stayton*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.