SLIP OPINION

Cite as 2015 Ark. 16

# SUPREME COURT OF ARKANSAS

No. CR–14–472

| | | |
|---|---|---|
| MARLIN BROWN | | **Opinion Delivered** January 22, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. CR–11–3070] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Marlin Brown appeals his convictions for three counts of rape, three counts of aggravated robbery, and one count of Class B felony kidnapping. On appeal, he argues that "the abolition by statute of the statute of limitations defense for defendants whose DNA profile is included in a DNA database violates the Equal Protection Clause of the Fourteenth Amendment" to the United States Constitution, as well as ex post facto principles as applied to him. We have jurisdiction pursuant to Arkansas Supreme Court Rule 1–2(b)(3) (2014), as the appeal involves an issue of federal constitutional interpretation. We affirm.

Appellant's convictions arose from incidents that took place on January 2, January 25, and January 30, 2001. The victims in all three were approached inside or immediately outside their homes by a man with a gun who raped them in their homes and took cash or debit and credit cards. The victims were unable to give detailed descriptions of the attacker because he threatened to kill them if they looked at him, he had his face partially covered in

at least the first two attacks, and he covered the victims' faces with a comforter or blanket during the rapes. On August 31, 2011, the State filed a felony information charging appellant with five counts of rape, three counts of aggravated robbery, and two counts of kidnapping. The State also charged appellant under Arkansas Code Annotated section 16-90-120 with having employed a firearm while committing a felony, under Arkansas Code Annotated section 5-4-501(b) with having been previously been convicted of four or more felonies, and under Arkansas Code Annotated section 5-4-501(c) with having been previously convicted of one or more enumerated serious felonies involving violence.

On August 17, 2012, appellant filed a motion to declare Arkansas Code Annotated section 5-1-109(b)(1)(B) and (j) unconstitutional. Those subsections provide:

> (b) Except as otherwise provided in this section, a prosecution for another offense shall be commenced within the following periods of limitation after the offense's commission:
>
>> (1)(A) Class Y felony or Class A felony, six (6) years.
>>
>> (B) However, for rape, § 5-14-103, the period of limitation is eliminated if biological evidence of the alleged perpetrator is identified that is capable of producing a deoxyribonucleic acid (DNA) profile;
>
> . . . .
>
> (j) When deoxyribonucleic acid (DNA) testing implicates a person previously identified through a search of the State DNA Data Base or National DNA Index System, a statute of limitation shall not preclude prosecution of the offense.

Ark. Code Ann. § 5-1-109 (Repl. 2013). In his motion, appellant noted the dates of the alleged offenses and that biological samples had been collected from each of the alleged offenses by the Little Rock Police Department for testing at the Arkansas State Crime Laboratory. Appellant argued, among other things, that section 5-1-109(b)(1)(B) violated

SLIP OPINION

SLIP OPINION

his right to equal protection. Appellant also filed a motion to dismiss for violation of the statute of limitations, due process, and equal protection, raising arguments similar to those raised in his motion to declare the statute unconstitutional. The State responded to both motions. The trial court held an omnibus hearing on August 23, 2012, at which time it heard testimony pertinent to appellant's motion to suppress the evidence obtained from the collection of his DNA on November 1, 2011, and testimony of an Arkansas State Crime Lab employee, Mary Robnett, pertinent to appellant's motion to dismiss. Robnett testified that she was a forensic biologist at the state crime lab in 2001, and in 2005 she took over as the Combined DNA Index System Administrator, overseeing the entire DNA database. She testified that the DNA profile from evidence obtained during the investigation of this case was entered into the database on February 21, 2001, and that it was automatically tested weekly against the national and state databases at least since 2005. The national database matched that profile to appellant's DNA profile in August 2010. The court denied both the motion to dismiss and the motion to declare section 5-1-109 unconstitutional.

The State filed an amended felony information on September 25, 2013, but the substantive charges remained the same. Appellant's jury trial took place on October 8–10, 2013. On the morning of the first day, the State nolle prossed counts two (rape), three (rape), and four (kidnapping). Appellant's counsel asked the circuit court to reconsider his previously filed motions and declare section 5-1-109(b)(1)(B) and (j) unconstitutional in light of the amendments to the felony information. The court again denied the motion. The trial proceeded, and the jury found appellant guilty of all charges and sentenced him as a habitual

offender under Arkansas Code Annotated section 5-4-501(c) to eighty years on each of the three counts of rape and the three counts of aggravated robbery, forty years for one count of Class B felony kidnapping,[1] and fifteen years under Arkansas Code Annotated section 16-90-120 for employing a firearm in the commission of the offense of rape. All sentences were to be served consecutively with the exception of the sentence for kidnapping, for a total term of imprisonment of 495 years. Appellant timely appealed.

On appeal, appellant makes two arguments. First, appellant argues that his prosecution on the aggravated-robbery and kidnapping charges violated ex post facto principles, citing *Stogner v. California*, 539 U.S. 607 (2003). Specifically, he argues that the six-year statute of limitations for Class Y felonies expired in January 2007, and the 2005 amendment to the statute set forth in section 5-1-109(j)[2] for a person previously identified through a DNA search did not extend the statute of limitations because he was not "a person previously identified through a search of the State DNA Data Base or National DNA Index

---

[1]Regarding his kidnapping conviction, appellant was convicted of a Class B felony because the jury found that he had proved by a preponderance of the evidence that he released the victim alive and in a safe place prior to trial. *See* Ark. Code Ann. § 5-11-102(b)(2).

[2]Act 2250 of 2005 provided in relevant part:

(j) In a case in which deoxyribonucleic acid testing implicates a person previously identified through a search of the State DNA Data Base or National DNA Index System, no statute of limitation that would otherwise preclude prosecution of the offense shall preclude the prosecution until a period of time following the implication of the person by deoxyribonucleic acid testing has elapsed that is equal to the otherwise applicable limitation period.

Act of Apr. 13, 2005, No. 2250, § 1, 2205 Ark. Acts 9609, 9609.

SLIP OPINION

System" until September 2010. Appellant acknowledges, however, that he failed to raise this argument to the trial court. He further acknowledges that a contemporaneous objection is required in order to preserve an issue for appellate review, *e.g.*, *Ussery v. State*, 308 Ark. 67, 822 S.W.2d 848 (1992), and that no recognized exception to that rule is applicable in the present case. Indeed, this court has written:

> [A] contemporaneous objection is generally required to preserve an issue for appeal, even a constitutional issue. *Bader v. State*, 344 Ark. 241, 40 S.W.3d 738 (2001); *Christopher v. State*, 340 Ark. 404, 10 S.W.3d 852 (2000). However, we have recognized four exceptions to the contemporaneous-objection rule, commonly referred to as the *Wicks* exceptions. *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). The four *Wicks* exceptions are (1) when the trial court fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) when defense counsel has no knowledge of the error and hence no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly; and (4) Ark. R. Evid. 103(d) provides that the appellate court is not precluded from taking notice of errors affecting substantial rights, although they were not brought to the attention of the trial court. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002) (citing *Wicks v. State*, *supra* ).

*Anderson v. State*, 353 Ark. 384, 395, 108 S.W.3d 592, 599 (2003). Our case law is clear that *Wicks* presents only narrow exceptions that are to be rarely applied. *Id*. at 398, 108 S.W.3d at 600. In the present case, appellant argues that this court should create a fifth exception to the contemporaneous-objection rule for arguments that (1) allege ex post facto error in that the appellant should never have been brought to trial on the criminal charges at issue; (2) are based on a United States Supreme Court case that is directly on point; and (3) are "irrefutable." This court has repeatedly declined to expand the narrow exceptions to the contemporaneous-objection requirement set forth in *Wicks*. *E.g.*, *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). We are not persuaded by appellant's argument that this court

should create a fifth exception to the contemporaneous-objection rule specifically for these circumstances. Accordingly, we do not address appellant's ex post facto argument because it is not preserved for appellate review.

Appellant's other argument on appeal is a challenge to the constitutionality of Arkansas Code Annotated section 5-1-109(b)(1)(B) and (j)[3] under the Equal Protection Clause of the United States Constitution. This court reviews both the circuit court's interpretation of the constitution as well as issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *Arnold v. State*, 2011 Ark. 395, at 4, 384 S.W.3d 488, 493. In considering the constitutionality of a statute, this court recognizes the existence of a strong presumption that every statute is constitutional. *Id.* The burden of rebutting a statute's constitutionality is on the party challenging the legislation. *Id.* An act should be struck down only when there is a clear incompatibility between the act and the constitution. *Id.* We acknowledge that it is the duty of the courts to sustain a statute unless it appears to be clearly outside the scope of reasonable and legitimate regulation. *Id.*

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause generally requires the government to treat similarly situated people alike. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). The first step in an equal-protection case is to

---

[3]Appellant's argument is directed to the current version of section 5-1-109(b)(1)(B) and (j), which was most recently amended by Act 1444 of 2009.

determine whether the plaintiff has demonstrated that he or she was treated differently than others who were similarly situated to him or her. *See id.* Here, the State disputes that DNA-implicated defendants and non-DNA-implicated defendants are similarly situated such that appellant can mount an equal-protection claim. "The issue of equal protection involves 'whether people in the same situation are being treated differently . . . .'" *McDole v. State*, 339 Ark. 391, 401, 6 S.W.3d 74, 81 (1999). We hold that criminal defendants facing the same or similar felony charges are similarly situated for equal-protection purposes when it comes to challenging the applicable statute of limitations. *Cf. McDole*, 339 Ark. at 401, 6 S.W.3d at 81 (criminal and civil defendants not similarly situated for equal protection purposes).

The next step in our analysis is to determine whether the classification meets the appropriate standard, which appellant concedes in this case is rational basis. Under the rational-basis test, legislation is presumed constitutional and rationally related to achieving any legitimate governmental objective under any reasonably conceivable fact situation. *Archer v. Sigma Tau Gamma Alpha Epsilon, Inc.*, 2010 Ark. 8, at 12, 362 S.W.3d 303, 309–10. It is not our role to discover the actual basis for the legislation. *Id.* We merely consider whether there is any rational basis which demonstrates the possibility of a deliberate nexus with state objectives so that the legislation is not the product of arbitrary and capricious government purposes. *Id.* Here, appellant argues that there is no rational basis for the General Assembly's abolition of the statute of limitations for DNA-identified defendants but leaving the statute of limitations in place for defendants identified by other means. He states that the only difference between the two groups is the type of evidence placing the two types of

SLIP OPINION

defendants at a crime scene, and he asserts that there is no reason to "assume" that DNA–identified defendants are more dangerous to society, are more deserving of retributive punishment, or "are guilty beyond any doubt whatsoever and, therefore, have no need of a trial, fair or unfair." He further argues that the General Assembly's finding that "the mission of the criminal justice system is to punish the guilty and exonerate the innocent,"[4] does not provide a rational basis for eliminating the statute of limitations for DNA–identified defendants because the placement of the defendant at the crime scene is not the equivalent of proof of the defendant's guilt. He points to the possibility of mistake in the preparation of a DNA profile and the fact that a DNA profile match only places a defendant at the crime scene at some point in time and does not eliminate many possible defenses. The State counters that the General Assembly could rationally have concluded that, "due to the enhanced or high reliability of DNA evidence to identify perpetrators and the fact that it does not lose its probative value over time, the elimination of the statute of limitations in cases in which DNA evidence implicates a defendant is warranted." The State contends that the facts of the present case, in which DNA evidence revealed a wholly unsuspected rapist and robber, demonstrate why section 5-1-109 survives an equal-protection challenge.

We agree with the State. DNA evidence, unlike witnesses' memories or other types of evidence, does not degrade over time. Because DNA is different than other types of evidence, the General Assembly had a rational basis for treating it differently and eliminating the statute of limitations when DNA can provide the identity of an alleged perpetrator—even

---

[4]Act of Apr. 19, 2001, No. 1780, § 1, 2001 Ark. Acts 7736, 7737.

long after the crime has been committed. Of course the State has a legitimate interest in identifying people who commit crimes and bringing them to justice. Equal protection does not require that persons be dealt with identically; it requires only that classification rest on real and not feigned differences, that the distinctions have some relevance to the purpose for which the classification is made, and that their treatment be not so disparate as to be arbitrary. *Smith v. State*, 354 Ark. 226, 235–36, 118 S.W.3d 542, 547 (2003). The statutory provisions eliminating the statutes of limitation for DNA–identified defendants meet this very deferential standard.

Appellant has failed to demonstrate that Arkansas Code Annotated section 5-1-509(b)(1)(B) and (j) violates his right to equal protection. Therefore, we affirm.

Affirmed.

*Dan Hancock*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.