
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-14-178

| | |
|---|---|
| VICTORIA PEDRAZA<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 1, 2015<br><br>APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CR-2012-37-3B]<br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Victoria Pedraza pled guilty to permitting abuse of a minor and was sentenced. She now appeals, arguing that the circuit judge erred by (1) requiring her to register as a sex offender, (2) engaging in inappropriate conduct during her sentencing trial, and (3) not disqualifying himself from presiding over her sentencing trial. We affirm.

Because Pedraza is not challenging the sufficiency of the evidence, only a brief recitation of the facts is necessary. Pedraza and her husband, Daniel, were charged with capital murder and permitting abuse after Pedraza's two-year-old daughter died as a result of multiple blunt-force injuries.[1] Victoria Pedraza later pled guilty to permitting abuse of a minor and agreed to testify against her husband. A jury sentenced Pedraza to twenty years' imprisonment for permitting abuse, and an order to this effect was entered in July 2013. This appeal followed.

---

[1] Daniel Pedraza was the child's stepfather.

SLIP OPINION

## I. *Sex-Offender Registration*

At sentencing, there was some discussion of whether Pedraza was required to register as a sex offender or whether the circuit court had discretion in the matter; the court asked the parties to brief the issue. The State filed a brief explaining that the crime to which Pedraza pled guilty, permitting abuse of a minor, is defined as a sex offense in Ark. Code Ann. § 12-12-903(12)(A)(i)*(s)* (Supp. 2013); that the registration requirement applies to those adjudicated guilty of a sex offense after August 1, 1997; and that, according to § 12-12-906(a)(1)(A)(i), the sentencing court "shall enter on the judgment and commitment or judgment and disposition form that the offender is required to register as a sex offender[.]" In a letter to the parties, the court agreed with the State and concluded that it "lacked the discretion to decide" whether Pedraza should be registered as a sex offender.

Two days later, Pedraza filed a motion to prevent the judgment from requiring her registration as a sex offender; in the accompanying brief, she argued that § 12-12-903 was vague and overbroad because it "does not specify that only those defendants that commit crimes involving sex . . . need to register." She argued that because all "crimes" under § 5-27-221 trigger the requirement to register as a sex offender, the sex-offender registration statute was over-inclusive, improper, and violated her constitutional rights.[2]

---

[2] Under Ark. Code Ann. § 5-27-221(c)(1) (Repl. 2013), permitting abuse of a minor is a Class B felony if the abuse consisted of sexual intercourse, deviate sexual activity, or caused serious physical injury or death to the minor.

SLIP OPINION

In a letter opinion dated July 24, the court denied Pedraza's motion, explaining that the statute was "explicit" that permitting abuse of a minor is a sex offense and that sex-offender registration was mandatory. On 20 August 2013, the court entered an order denying Pedraza's motion "as indicated in the letter from the Court dated July 24, 2013," and the sentencing order reflects that she was adjudicated guilty of an offense requiring sex-offender registration.

On appeal, Pedraza argues that the Sex Offender Registration Act is ambiguous because it "was intended to protect the public from 'sex abuse' and thus by the common language of the statute, the registration requirement does not, and should not[,] apply to Appellant." She argues that the circuit court should have exercised discretion in deciding whether to make her register as a sex offender. She also argues that § 12-12-903(12)(A)(i)*(s)* is unconstitutionally vague, overbroad, and violates her rights to due process, equal protection, and privacy.

First, we note that Pedraza's arguments on due process, equal protection, and privacy are raised for the first time on appeal. Issues raised for the first time on appeal, even constitutional ones, are not considered because the circuit court never had an opportunity to rule on them. *London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003). Pedraza did argue below that the statute is vague and overbroad, but she failed to obtain a ruling from the circuit court on these arguments. An appellant must obtain a ruling on an argument to preserve the matter for this court's review. *Wallace v. State*, 2009 Ark. 90, 302 S.W.3d 580.

This leaves us with the argument that the statute is ambiguous and that the court should have exercised its discretion in requiring her to register as a sex offender. We review issues of statutory construction de novo. *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913. This means that we are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.* The basic rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words the ordinary and usually accepted meaning in common language. *Id.* When the language is plain and unambiguous, we will not resort to rules of statutory construction, and the analysis stops. *Id.* When a statute is ambiguous, however, we must interpret it according to the legislative intent, and our review becomes an examination of the whole act. *Id.*

In this case, we hold that the statute is plain and unambiguous. Permitting abuse of a minor is listed as a sex offense under § 12-12-903(12)(A)(i), and the registration requirement unambiguously applies to those persons, like Pedraza, who are adjudicated guilty of a sex offense on or after August 1, 1997. Ark. Code Ann. § 12-12-905(a)(1). Therefore, the circuit court did not err in finding that it lacked discretion to order Pedraza to register as a sex offender. The court had no choice but to do so pursuant to the governing law. We also note that, while the subchapter at issue is commonly referred to as the "Sex Offender Registration Act," *see* Ark. Code Ann. § 12–12–901, it was intended to establish a system of registration "for sexually violent predators and sex *and* child offenders." *See* Act of April 1, 1997, No. 1061, 1997 Ark. Acts 989 (emphasis added). So Pedraza is incorrect that the statute was intended to protect the public only from sex

offenders. And finally, a concurring supreme court justice has previously addressed the issue raised by Pedraza, but the General Assembly has not amended the statute. *See Sullivan v. State*, 2012 Ark. 74, 386 S.W.3d 507 (Brown, J., concurring) (noting that the circuit court was required to register Sullivan as a sex offender but expressing concern that a person who has been convicted of permitting physical abuse, not sexual abuse, was required to register as a sex offender). The legislature is presumed to be familiar with the appellate courts' interpretation of its statutes, and it can amend a statute if it disagrees with those interpretations; absent such an amendment, the interpretation of the statute remains the law. *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997). We affirm the circuit court's requirement that Pedraza register as a sex offender.

## II. *Inappropriate Conduct*

Pedraza contends that the circuit court erred by conducting its own investigation, questioning witnesses, making objections, and commenting on the evidence throughout the sentencing trial. As an example, she cites the court's order that it be provided a copy of the State's discovery file, to which she filed a request for rescission.[3] She argues that the jury was influenced by the court's "palpable bias against her" and cites several cases in which this court or the supreme court reversed due to the circuit court's improper actions. Finally, Pedraza claims that the court erred by basing its evidentiary rulings on its own investigation as well as evidence from Daniel Pedraza's murder trial.

In response, the State notes that in the cases cited by Pedraza, contemporaneous objections to the court's actions were made, but in this case, Pedraza made no

---

[3] This request was summarily denied, and Pedraza requested no further relief.

contemporaneous objections to the court's statements, did not move the circuit judge to recuse, and did not request a mistrial. According to the State, Pedraza makes a conclusory argument "that the trial court engaged in improper conduct and based on that reason alone, the sentence should be reversed, despite the fact that the issue was never raised below, and despite the absence of evidence that the alleged improper conduct was prejudicial."

While defense counsel did mention to the court a few times that it was commenting on the evidence, he did not make any formal objections, request a mistrial, or propose a curative instruction. Having reviewed the lengthy record, we note that most of the judge's remarks that Pedraza complains about were made out of the hearing of the jury, and none of the comments were so egregious as to warrant reversal. It is accurate to state that the circuit court took an active superintending role in this child–death case. But in the context of the entire case, we are not persuaded that the court committed reversible error. Finally, Pedraza fails to mention that the court gave its own curative instruction as part of the jury instructions: "I've not intended by anything I've said or done, or by any questions that I may have asked to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness who testified. If anything I have done or said has seemed to so indicate, you will disregard it." This instruction cuts against any argument that Pedraza was prejudiced by the court's actions. Therefore, we hold that Pedraza has demonstrated no reversible error on this point.

### III. *Disqualification*

SLIP OPINION

Pedraza argues that the circuit judge should have disqualified himself from presiding over her sentencing trial. Rule 2.11 of the Arkansas Code of Judicial Conduct provides that a judge must disqualify himself in any proceeding in which the judge's impartiality might be reasonably questioned, including when the judge has a personal bias or prejudice concerning a party or a party's lawyer. A circuit judge is presumed to be impartial, and a party seeking disqualification bears a substantial burden to prove otherwise. *Deere v. State*, 59 Ark. App. 174, 954 S.W.2d 943 (1997). A circuit court's decision to recuse is within its discretion, and we will not reverse absent a showing of an abuse of discretion. *Carmical v. McAfee*, 68 Ark. App. 313, 7 S.W.3d 350 (1999). The mere fact of adverse rulings is not enough to demonstrate bias. *Id.*

Victoria Pedraza argues that the circuit judge should have recused because he was biased against her, as evidenced by the judge's actions throughout the trial and, in particular, by statements in the order denying Daniel Pedraza's motion to recuse, which was filed under seal until February 2014. She argues here that the judge's "attitude, facial expressions and comments" contributed to her receiving the maximum sentence of twenty years' imprisonment and that the judge should have recused on his own motion.

The State argues that Pedraza failed to preserve this issue for appeal because she did not file a motion to recuse. The State also contends that the instances of alleged bias Pedraza points to do not establish that the court's conduct "impugned the weight of the evidence or the credibility of the witnesses." Even assuming Pedraza preserved the judicial-bias issue, she has not shown that the judge's remarks demanded a recusal.

We affirm. Pedraza did not move the court to recuse based on its actions during the sentencing trial, of which she was certainly aware. As for the court's order denying the motion to recuse in Daniel's trial, we fail to see any biased remarks toward Victoria Pedraza in that order.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Janice W. Vaughn*, Arkansas Public Defender Commission, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.