SLIP OPINION

Cite as 2017 Ark. 284

# SUPREME COURT OF ARKANSAS

No. CV-15-988

| | |
|---|---|
| NATHANIEL SMITH, MD, MPH, DIRECTOR OF THE ARKANSAS DEPARTMENT OF HEALTH, IN HIS OFFICIAL CAPACITY, AND HIS SUCCESSORS IN OFFICE<br><br>APPELLANT<br><br>V.<br><br>MARISA N. PAVAN AND TERRAH D. PAVAN, INDIVIDUALLY, AND AS PARENTS, NEXT FRIENDS, AND GUARDIANS OF T.R.P., A MINOR CHILD; LEIGH D.W. JACOBS AND JANA S. JACOBS, INDIVIDUALLY, AND AS PARENTS, NEXT FRIENDS, AND GUARDIANS OF F.D.J., A MINOR CHILD; COURTNEY M. KASSEL AND KELLY L. SCOTT, INDIVIDUALLY, AND AS PARENTS, NEXT FRIENDS, AND GUARDIANS OF A.G.S., A MINOR CHILD<br><br>APPELLEES | Opinion Delivered: October 19, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-15-3153]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REVERSED AND REMANDED. |

**ROBIN F. WYNNE, Associate Justice**

This case is before us once again after the Supreme Court of the United States granted the appellees' petition for a writ of certiorari, reversed the judgment of this court, and remanded for "further proceedings not inconsistent with" the opinion of the Court. *Pavan v. Smith*, 137 S. Ct. 2075 (2017) (per curiam). The Supreme Court held that pursuant to *Obergefell v. Hodges*, 576 U.S. ___, 135 S. Ct. 2584 (2015), Arkansas's birth-certificate law, Arkansas Code Annotated section 20-18-401 (Repl. 2014), is unconstitutional to the extent it treats similarly-situated same-sex couples differently from opposite-sex couples. The

parties have now filed supplemental briefs with this court. We take this opportunity to reject appellant's interpretation of the United States Supreme Court's opinion and the suggestion that a gender-neutral reading of Arkansas Code Annotated section 9-10-201(a) (the assisted-reproduction statute) would adequately address the constitutional infirmity found. The birth-certificate law must be addressed,[1] but we cannot simply affirm the circuit court's previous order, which impermissibly rewrote the statutory scheme. An order rewriting a statute "amounts to a judicial intrusion upon the legislative prerogative and violates the constitutional doctrine of separation of powers." *Cox v. Comm'rs of Maynard Fire Imp. Dist. No. 1*, 287 Ark. 173, 176, 697 S.W.2d 104, 106 (1985). On remand, the circuit court should award declaratory and injunctive relief as necessary to ensure that same-sex spouses are afforded the same right as opposite-sex spouses to be listed on a child's birth certificate in Arkansas, as required under *Pavan v. Smith*, *supra*. Extending the benefit of the statutes at issue to same-sex spouses will implement the mandate of the Supreme Court of the United States without an impermissible rewriting of the statutes. *See McLaughlin v. Jones in & for Cty. of Pima*, 401 P.3d 492 (Ariz. 2017) (extending the benefit of Arizona's statutory marital-paternity presumption to similarly situated female spouses rather than nullifying the statute).

Accordingly, we reverse the circuit court's order, and we remand for entry of a final judgment consistent with the mandate of the Supreme Court of the United States.

Reversed and remanded.

---

[1] We note that Arkansas Code Annotated sections 20-18-401(e), (f) and 20-18-406(a)(2) (Repl. 2014) were at issue in the present case.

WOMACK, J., concurs.

BAKER, GOODSON, and HART, JJ., dissent.

**SHAWN A. WOMACK, Justice, concurring.** I agree with the majority that we must reverse and remand this case to the circuit court following the Supreme Court's decision. However, I would additionally require the circuit court to conduct a hearing and make findings of fact regarding how, specifically, the law treats similarly situated same-sex couples differently than opposite-sex couples and to make specific findings as to how those couples are similarly situated for the purpose of the application of the statutes in question. While the majority of this court remands to the circuit court only for an order consistent with the Supreme Court's ruling, the Supreme Court's majority on remand clearly calls for "further proceedings." Only after conducting such further proceedings and making the necessary findings of fact should the circuit court then issue an order, based on those findings. Said order should determine the constitutionality of the relevant statutes in a way that both comports with the law and is narrowly tailored so as to balance the legislative presumption in favor of constitutionality with the equal treatment of law under the statutes and should have limited application to parties and circumstances that are, in fact, similarly situated.

The Equal Protection Clause of the Constitution prohibits a government actor from treating similarly situated people dissimilarly. *See Brown v. State*, 2015 Ark. 16, at 6, 454 S.W.3d 226, 231; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). There is no doubt that the position of the parties has drastically changed since this case was originally presented to the circuit court below. *See Smith v. Pavan*, 2016 Ark. 437, 505

S.W.3d 169 (Wood, J., concurring in part and dissenting in part). The appellant even avers in its brief that the department of health has since revised its policy regarding birth certificates for assisted-reproduction situations. As noted before, that information is not in the record before us. Additionally, despite the cornerstone that the Equal Protection Clause prohibits dissimilar treatment of similarly situated individuals, there is no analysis of that rule in the circuit court's order; nor is there a specific analysis regarding how the classification survives the appropriate level of scrutiny. *See Klinger v. Dep't of Corr.*, 31 F.3d 727, 730 (8th Cir. 1994) Therefore, it would be not only prudent, but indeed mandatory according to the Supreme Court's ruling, to order the circuit court to conduct a hearing and make specific findings of fact as stated above.

Finally, beyond determining the constitutionality of various portions of the challenged statutes, it is not the role of this or any other court to attempt to fashion a remedy that breaches into the realm of policy making. The role of determining policy belongs to the people through their elected representatives in the legislature. Once the scope of constitutional application is finally determined, it is incumbent upon the General Assembly to re-engage and to establish the state of the law going forward within those boundaries.

**KAREN R. BAKER, Justice, dissenting.** I dissent from the majority's opinion because I would not remand this matter to the circuit court. I would simply vacate our previous opinion and issue a substituted opinion reversing and dismissing the circuit court's order which impermissibly rewrote the statute. Further, based on *Pavan v. Smith*, 137 S. Ct. 2075 (2017) (per curiam) and the State's concession that Ark. Code Ann. § 9-10-201 is unconstitutional, I would declare Ark. Code Ann. §§ 9-10-201(a) and 20-18-401(f)(1)

unconstitutional, stricken, and void. We should not remand this matter to the circuit court for an order consistent with the majority's opinion. Moreover, despite the State's urging to take up a pen and set off through the Arkansas Code replacing the words "husband" and "wife" with "spouse" or other gender-neutral alternatives, the truth is that that pen does not belong to us, nor does it belong to the circuit court. The pen belongs to the legislature and it is their duty to determine the best way to address the constitutional infirmity in these two statutes. We cannot fashion the remedy, the authority to do so rests solely with the legislature. Thus, there is no need to remand this matter to the circuit court, which is in no better position and has no more authority than we do to rewrite these statutes. To do so only delays this matter further. Therefore, based on the State's concession that Ark. Code Ann. § 9-10-201 is unconstitutional and the United States Supreme Court's mandate in *Pavan*, *supra*, I would reverse the circuit court's order and declare that Ark. Code Ann. §§ 9-10-201(a) and 20-18-401(f)(1) are unconstitutional, stricken and void.

GOODSON and HART, JJ., join.

*Leslie Rutledge*, Att'y Gen., by: *Monty V. Baugh*, Deputy Att'y Gen., for appellant.

*Cheryl K. Maples*, for appellees.